UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.:

NORMA V. BINNS,

    Plaintiff,

v.

CREDIT BUREAU COLLECTION SERVICES, INC.,
d/b/a CBCS and JOHN DOES 1-4,

    Defendants.

_____/

## COMPLAINT
## JURY DEMAND

1.    Plaintiff alleges violation Telephone Consumer Protection Act, 47 U.S.C §227, *et seq*. ("TCPA").

### JURISDICTION AND VENUE

2.    This Court has jurisdiction under 28 U.S.C. §§1331. Mims v. Arrow Fin. Servs. LLC, 132 S. Ct. 740 (2012); U.S. LEXIS 906 (U.S. 2012). Venue in this District is proper because Plaintiff resided here when the violative conduct occurred and Defendant, CREDIT BUREAU COLLECTION SERVICES, INC., d/b/a CBCS placed telephone calls into this District at the direction of JOHN DOES 2-4.

### PARTIES

3.    Plaintiff, NORMA V. BINNS, is a natural person, and at the time of the events alleged herein, was a citizen of the State of Florida, residing in Palm Beach County, Florida.

1

4.     Defendant, CREDIT BUREAU COLLECTION SERVICES, INC., d/b/a CBCS (CBCS), is a professional corporation and citizen of the State of Ohio with its principal place of business at 250 East Town Street, Columbus, Ohio, 43215.

5.     Defendant, JOHN DOE 1, is the creditor on whose behalf, CBCS placed the violative calls to Plaintiff's cellular telephone. Plaintiff is presently unaware of the name of this individual, will obtain it through discovery and amend her complaint accordingly.

6.     Because JOHN DOE 1 is the creditor on whose behalf CBCS placed the calls, it is jointly and severally liable to Plaintiff with respect to the alleged violations of the TCPA. The Federal Communications Commission has held: "Similarly, a creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules." FCC, IN THE MATTER OF RULES AND REGULATIONS IMPLEMENTING THE TELEPHONE CONSUMER PROTECTION ACT OF 1991: REQUEST OF ACA INTERNATIONAL FOR CLARIFICATION AND DECLARATORY RULING, 07-232, ¶10, (2007), ("FCC RUL. 07-232").

7.     Defendants, JOHN DOES 2-4, are employees and officers and agents of CBCS. JOHN DOES 2-4 established the policies of or carried out the practices of CBCS regarding the TCPA or authorized those policies and practices complained of herein.

8.     Pursuant to 47 U.S.C. § 217, an officer, agent, or employee may be held liable for violation of the TCPA:

[T]he act, omission, or failure of any officer, agent, or other person acting

for or employed by any common carrier or user, acting within the scope of his employment, shall in every case be also deemed to be the act, omission, or failure of such carrier or user as well as of that person.

47 U.S.C. § 217

## FACTUAL ALLEGATIONS

9. On or about May 11, 2010, Defendant, CBCS, or others acting at its request, left a pre-recorded telephone message on Plaintiff's voice mail on her cellular telephone.

10. Defendant, CBCS, or others acting at its request, left other messages using an automated telephone dialing system or pre-recorded or artificial voice on Plaintiff's cellular telephone.

11. None of Defendants telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C § 227 (b)(1)(A).

12. Defendants willfully or knowingly violated the TCPA.

## COUNT I
## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT CREDIT BUREAU COLLECTION SERVICES, INC., d/b/a CBCS AND JOHN DOE 1

13. Plaintiff incorporates Paragraphs 1 through 12.

14. Defendant, CBCS, or others acting at its request, placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice violation of 47 U.S.C § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant, CREDIT BUREAU COLLECTION SERVICES, INC., d/b/a CBCS and JOHN DOE 1,

    a.    Damages;

    b.    a declaration that Defendant's calls violate the TCPA;

    c.    a permanent injunction prohibiting Defendant from placing non-emergency calls to the cellular telephone of Plaintiff using an automatic telephone dialing system or pre-recorded or artificial voice; and

    d.    Such other or further relief as the Court deems proper.

## COUNT II
## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT REGARDING JOHN DOES 2-4

15.    Plaintiff incorporates Paragraphs 1 through 12.

16.    Defendant, JOHN DOES 2-4, established the policies of or carried out the practices complained of herein regarding the TCPA or authorized those policies and practices that caused the placement of non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice violation of 47 U.S.C § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant JOHN DOES 2-4 for:

    a.    Damages;

    b.    a declaration that Defendants calls violate the TCPA;

    c.    a permanent injunction prohibiting Defendants from placing non-emergency calls to the cellular telephone of Plaintiff using an automatic telephone dialing system or pre-recorded or artificial voice; and

    d.    Such other or further relief as the Court deems proper.

## **JURY DEMAND**

Plaintiff demands trial by jury.

                               DONALD A. YARBROUGH, ESQ.
                               Attorney for Plaintiff
                               Post Office Box 11842
                               Ft. Lauderdale, FL 33339
                               Telephone: 954-537-2000
                               Facsimile: 954-566-2235
                               don@donyarbrough.com


                           By: s/ Donald A. Yarbrough
                               Donald A. Yarbrough, Esq.
                               Florida Bar No. 0158658